Law Office of Rachel Blumenfeld
Rachel S. Blumenfeld, Esq. (1458)
26 Court Street, Suite 2220
Brooklyn, New York 11242
Tel: (718) 858-9600
Fax: (718) 858-9601

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:

CONVERSION CONSULTING LLC,                    Chapter 11
now known as FLIP SERVICES d/b/a
BOUNCE AND FLIP                               Case No:

                    Debtor.
-----------------------------------------------------------X

## DECLARATION OF EDWARD MATTHEWS PURSUANT TO LOCAL RULE 1007-2

Edward Matthews, being duly sworn, deposes and says:

1. I am a 100% member of Conversion Consulting LLC, now known as Flip Services d/b/a Bounce and Flip (the "Debtor") a debtor in the above-captioned case.

2. I submit this affidavit pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

### BACKGROUND

3. The Debtor operates a tumbling and gymnastic facility for preschool children and adults (the "gym") located at 766 10th Avenue in Manhattan, New York and has been there since August 2012, although the Landlord did not complete renovations and the property was not in a habitable/rentable conditions until January 2013. The gym accommodates up to 36 students a time for gymnastic and trampoline training.

4. The Debtor suffered cash flow shortages in January 2013 due to the Landlord not having the space available and habitable for the Debtor's business for at least six (6) months after signing the lease. The business could thus not open or operate due to disagreements of among other things on removing asbestos, which according to the Lease is the Landlord's responsibility, however the Landlord was trying to make the Debtor liable for same.

5. When the Debtor was negotiating the lease, the Debtor had an agreement with the Landlord that if the Landlord works alongside the Debtor during the "free rent period" and were to take more than 2 months to build out the space, each additional month that the Landlord remained in the space, the Debtor would not be responsible for rent payments for those months. The Landlord remained in the space for a total of 5 months building out the space and removing the asbestos. The Debtor was litigating the terms of the Lease in State Court with the Landlord, but during all that time and since February of 2013 it has taken a financial toll on the Debtor.

6. The Debtor has filed this chapter 11 proceeding in order to obtain some breathing room from its creditors and an opportunity to reorganize its affairs either based upon a restructuring of obligations. With the constant litigation with the Landlord the Debtor was sidetracked from planning for the future as well as planning for the moment. The Debtor is now focused on its business and on increasing its rates, changing its marketing plan, to attract new clients and increased revenue for the Debtor. The Debtor is Appealing the State Court determination regarding the eviction and believes it will be successful with same. The Debtor is optimistic that by virtue of the filing of this Chapter 11 proceeding, it will have the best possible chance to repay its debts in a manner that allows it to maximize the value of its assets for the benefit of all creditors.

## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007

7. In addition to the foregoing, Local Bankruptcy Rule 1007-2 requires certain information related to the Debtors, which is set forth below.

**Local Rule 1007-2(a)(1)**

8. The Debtor is located in a single story building located at 766 10th Avenue, in Manhattan and is engaged in the business of gymnastic and trampoline training.

**Local Rule 1007-2(a)(2)**

9. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

10. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

11. A list of the names and addresses of the Debtors' respective 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed hereto as **Schedule I.**

**Local Rule 1007-2(a)(5)**

12. The Debtor has no secured creditors.

**Local Rule 1007-2(a)(6)**

13. A consolidated balance sheet is annexed hereto as **Schedule II.**

**Local Rule 1007-2(a)(7)**

14. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

15. None of the Debtors' property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

16. The Debtor operates its business from a premises with an unexpired lease from 766 Tenth Avenue LLC, where a Warrant of Eviction was issued on or about November 25, 2013.

**Local Rule 1007-2(a)(10)**

17. The Debtor's assets are located at 766 Tenth Avenue LLC, New York, New York. The books and records of the Debtor are located at 766 Tenth Avenue, New York, New York.

**Local Rule 1007-2(a)(11)**

18. The following actions are pending against the Debtor:

Fort Cica Roofing v. Conversion Consulting, Edward Matthews, et al.Index No: 023432/13 foreclosure of mechanics lien for replacement of roof Supreme Court, New York County, which to the Debtor's knowledge is still pending.

776 Tenth LLC v. Conversion Consulting LLC Index No: 66169/13 which is an eviction proceeding located at Civil Court/Part 2/Appellate Court/New York County, where a judgment and warrant of possession eviction was issued. Debtor plans to take Appeal.

**Local Rule 1007-2(a)(12)**

19. The Debtor's management consists of Edward Matthews, as the sole member.

**Local Rule 1007-2(b)(1) and (2))**

20. The Debtor estimates monthly payroll to employees (exclusive of officers and directors) for the thirty (30) day period following the Chapter 11 petition is $4,000.00.

21. The Debtor estimates monthly payroll and payments to officers, stockholders, and directors for the thirty (30) day period following the Chapter 11 petition is $4,000.00.

**Local Rule 1007-2(b)(3)**

22. The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees is annexed as **Schedule IV.**

### INFORMATION RQUIRED BY BANKRUPTCY CODE § 1116(1)(A)

23. The Debtor's most recent balance sheet is annexed hereto as **Schedule III.**

24. The Debtor's most recent profit and loss statement is annexed hereto as **Schedule V.**

25. The Debtor's most recent tax return is annexed hereto as **Schedule VII.**

### CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
EDWARD MATTHEWS